JOHN L. BURRIS Esq., SBN 69888
BENJAMIN NISENBAUM, Esq., SBN 222173
JAMES COOK Esq., SBN 300212
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
James.Cook@johnburrislaw.com

Attorneys for Plaintiff,
BRENDEN OWENS, an individual

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDEN OWENS, an individual,<br><br>       Plaintiff,<br><br>   vs.<br><br>CITY OF ROCKLIN, a municipal corporation; and DOES 1-50, inclusive, individually, jointly, and severally,<br><br>       Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## **INTRODUCTION**

1.     This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, under California Civil Code Section § 52.1, and under the common law of California, for City of Rocklin police officer's use of excessive force against Brenden Owens.

## **JURISDICTION**

2.     This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful

acts and practices alleged herein occurred in the County of Placer, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

## PARTIES

3. Plaintiff BRENDEN OWENS ("PLAINTIFF" or "OWENS") has been and is a resident of California and a United States Citizen.

4. Defendant CITY OF ROCKLIN ("CITY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the CITY OF ROCKLIN Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant CITY was the employer of Defendant CITY Police Officer, individually and in their official capacity.

5. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1-50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff is informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

6. Plaintiff is required to comply with an administrative tort claim requirement under California law. On December 14, 2021, Plaintiff submitted a claim to the Clerks' Offices for the CITY OF ROCKLIN. Plaintiff has exhausted all administrative remedies pursuant to California Government Code § 910.

## FACTUAL ALLEGATIONS

7. The incident took place on September 17, 2021. The location of the incident was the sidewalk in front of Dutch Bros Coffee, 3450 Sunset Boulevard in Rocklin, CA 95677. A

ROCKLIN POLICE DEPARTMENT officer used excessive force against BRENDEN OWENS during his arrest.

8. On the date of the incident, an officer from the Rocklin Police Department responded to a report for a public disturbance. The officer approached Brenden Owens. He commanded Owens to lay on the ground, with his hands behind his back. Mr. Owens fully complied with the officer's commands. Nonetheless, the officer pointed his gun at Owens. The officer then holstered his gun. The officer placed both knees on Owens' back. Owens had his hands behind his back as he waited for the officer to cuff him. However, unprovoked, the officer then forcefully twisted Owens' right arm for over 20 seconds. Owens screamed in pain. The officer continued to twist Owen's arm, and put pressure into Owen's back. Finally, the officer handcuffed Mr. Owens. At no point during this incident did Owens resist the officer. The Officer is liable for the use of excessive force against Mr. Owens.

9. As a result of this incident, Brenden Owens suffered a shoulder injury. He also developed anxiety.

## DAMAGES

10. Plaintiff was physically, mentally, emotionally, and financially injured and damaged as a result of Defendants use of excessive force.

11. The conduct of Defendants was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said individual Defendants.

12. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights, under the law. Plaintiff is therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code §1988.

## FIRST CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution-Excessive Force)**
**(42 U.S.C. § 1983)**
**(BRENDEN OWENS Against Defendants CITY, and DOES 1-50)**

13. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 12 of this Complaint.

14. Defendants' above-described conduct constituted violations of Plaintiff's rights as provided for under the Fourth Amendment to the United States Constitution. These rights include but are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against him. BRENDEN OWENS did not interfere with officers. OWENS posed no threat to the officers. Nor did he attempt to flee. However, a City of Rocklin Police Department Officer unnecessarily twisted OWENS arm. The Defendant Officer's use of force was excessive and objectively unreasonable, given that Owens fully complied with the officers demands.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Violation of CALIFORNIA CIVIL CODE § 52.1)**
**(BRENDEN OWENS Against Defendants CITY, and DOES 1-50)**

15. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 14 of this Complaint.

16. Defendant's above-described conduct constituted interference, and attempted interference, by intimidation and coercion, with the Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code § 52.1. PLAINTIFF did not resist the officers commands in any way. However, Defendant Officer assaulted OWENS without cause or provocation. CITY officer continued to cause injury to OWENS' arm even as he complied.

17. As a direct and proximate result of Defendants' violations of Civil Code § 52.1, Plaintiff suffered violations of his constitutional rights, and suffered damages as set forth herein. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code § 52.1(h). Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of his reasonable attorney's fees pursuant to Civil Code § 52(a). Under the

provisions of California Civil Code §52(b), Defendant is liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Assault/Battery)**
**(BRENDEN OWENS against CITY, and DOES 1-50)**

18. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 17 of this Complaint.

19. Defendant acted with intent to cause harmful or offensive contact or threatened to touch Plaintiff in a harmful or offensive manner. A CITY officer twisted OWENS' arm in an aggressive manner. The plaintiff reasonably believed further unnecessary injury would result. Plaintiff did not consent to defendants' harmful contact. Battery occurred when the CITY officer twisted OWENS' right arm. Defendant's conduct was a substantial factor in causing PLAINTIFF'S harm.

20. DEFENDANT'S actions caused OWENS to suffer physical injuries and emotional distress. CITY Officer's actions were excessive and unreasonable in violation of POST Learning Domain 20. CITY Officer's actions constitute assault and battery.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(Negligence)**
**(BRENDEN OWENS Against Defendants CITY, and DOES 1-50)**

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 of this Complaint.

22. The present action is brought pursuant to sections 820 and 815.2 of the California. Pursuant to Government Code section 820 of the California Government Code, as public employees, Defendant DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendant DOES 1-50 were acting within the course and scope of their employment and/or agency with

Defendant CITY. As such, Defendant CITY is liable in respondent superiors for the injuries caused by the acts and omissions of Defendant DOES 1-50 pursuant to section 815.2 of the California Government Code.

23. The CITY OF ROCKLIN Officer had a duty to use reasonable force while interacting with OWENS. However, the CITY officer breached his duty by using unreasonable and excessive force and threats against OWENS, when he twisted Owns arm. PLAINTIFF was seriously injured as a proximate and direct cause of the Defendant's negligent conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**
**(BRENDEN OWENS against CITY, and DOES 1-50)**

24. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 of this Complaint.

25. Defendant's above-described conduct was extreme, unreasonable, and outrageous. Defendant attacked OWENS, without legal justification. PLAINTIFF did not pose a threat to the officers. However, without justification, a CITY officer violently detained OWENS. Defendant knew, or should have known, his actions would cause emotional distress to OWENS.

26. In engaging in the above-described conduct, Defendant intentionally ignored or recklessly disregarded the foreseeable risk that OWENS would suffer extreme emotional distress because of Defendant's conduct. As a result of Defendant officer's conduct, OWENS suffered emotional distress.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

### PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages according to proof;
2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;
3. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants CITY, and DOES 1-50 and/or each of them;
4. Any and all permissible statutory damages;
5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;
6. For cost of suit herein incurred; and
7. For such other and further relief as the Court deems just and proper.

Dated: March 25, 2022                    **Law Offices of John L. Burris**

/s/ *John L. Burris*
John L. Burris
Benjamin Nisenbaum
James Cook
Attorneys for Plaintiff